FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# COURT FILE NO. _____

2013 FEB -7 PM 2:0

CLERK US DISTRICT COURT
MIDDLE DISTRICT FLA

| | |
|---|---|
| ANTHONY M. RODRIGUEZ, | |
| Plaintiff | **COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| BANK OF AMERICA, N.A.; REDC DEFAULT SOLUTIONS, LLC; and FIRST INTERNATIONAL TITLE, INC., | 3:13-CV-134-J-32JRK |
| Defendants. | |

## JURISDICTION

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the Florida Deceptive and Unfair Trade Practices Act; §§ 501.201-.23, Fla. Stat.; and breach of contract.

3.      Venue is proper in the Middle District of Florida because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.      Plaintiff Anthony M. Rodriguez is a natural person who resides in the City of Jacksonville, County of Duval, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and a person with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") by virtue of being directly affected by a violation of the Act, to wit Plaintiff has been

1

subjected to Defendants' improper, unfair, and deceptive debt collection activities, to wit Plaintiff entered into an agreement for deed in lieu of foreclosure, and has not received the agreed upon $3,000 in exchange for executing the deed in lieu of foreclosure.

5.      Defendant Bank of America, N.A. ("Bank of America"), is a national banking association, and at all times material, provided debt collection services in Duval County on behalf of the Federal National Mortgage Association, by filing a foreclosure action against Plaintiff (in which Bank of America went beyond enforcing a security interest, by demanding a deficiency judgment against Plaintiff) and executing a contract with Plaintiff for a deed in lieu of foreclosure.

6.      REDC Default Solutions, LLC ("REDC") is a foreign limited liability company registered and conducting business in the State of Florida and Duval County, and at all times material provided debt collection services on behalf of Bank of America, in Duval County Florida, by processing the aforementioned deed in lieu of foreclosure on behalf of Bank of America.

7.      First International Title, Inc. ("First International") is a Florida profit corporation registered and conducting business in the State of Florida and Duval County, and at all times material provided escrow and closing services on behalf of Bank of America and/or REDC, in Duval County Florida, by acting as a closing and/or escrow agent on behalf of Bank of America and/or REDC with respect to the aforementioned deed in lieu of foreclosure.

## FACTUAL ALLEGATIONS

8.      On November 22, 2011, Bank of America filed a foreclosure action in Duval County as servicer for the Federal National Mortgage Association, Case No. 2011-CA-9711, wherein Bank of America demanded a deficiency judgment against Plaintiff ("Foreclosure Complaint").

9.      On or about May 1, 2011, Plaintiff defaulted on his mortgage loan that was the subject of the Foreclosure Complaint.

2

10.    On August 8, 2011, Bank of America began servicing Plaintiff's mortgage loan that was already in default, as evidenced by an assignment of mortgage recorded in the Duval County Clerk's Official Records at Book 15681, Page 1204.

11.    Around the beginning of 2012, Plaintiff began negotiating with Bank of America and its agent, REDC, for a deed in lieu of foreclosure as a resolution to the Foreclosure Complaint.

12.    On January 12, 2012, Melissa Franklin, agent of REDC, emailed Plaintiff to introduce herself as asset manager in charge of processing the deed in lieu of foreclosure on behalf of Bank of America, and to clarify a few points of interest on the details of the deed in lieu of foreclosure.

13.    On February 1, 2012, Plaintiff received an email from Colleen Lamberti, agent of First International, informing Plaintiff that he will receive the deed in lieu of foreclosure documents the next day, and that copies of the documents were attached to the email. A copy of the email and the attachments are attached as "Composite Exhibit A."

14.    The documents consist of, among other things, the deed in lieu of foreclosure and two proposed contracts—one between Plaintiff and First International regarding the deed in lieu of foreclosure ("First International Contract"), and one between Plaintiff and Bank of America regarding the deed in lieu of foreclosure ("Bank of America Contract").

15.    The First International Contract, in paragraph 6 of the "Deed In Lieu of Foreclosure Conditions and Acknowledgement" page, provides, "If you comply with all of your responsibilities under this agreement you will be entitled to an incentive payment to assist with relocation expenses of up to $3,000. Your responsibilities include vacating the property on or before the agreed upon date, and leaving the property in acceptable condition both internally and externally."

3

16.     The Bank of America Contract, in paragraph 11, titled "Borrower Relocation Assistance" states, "If you comply with all your responsibilities under the terms and conditions, you may receive relocation assistance of $3,000 to assist with moving, rental, and relocation expenses. Once we have received your signed transfer of title, you have vacated the property and delivered the keys to us, and we have verified the condition of the property, we will mail the relocation assistance check to the address we have for you on file within 10 business days."

17.     February 3, 2012, Plaintiff executed and mailed all the aforementioned required documents provided by First International, including the First International Contract, the Bank of America Contract, and the deed in lieu of foreclosure. Plaintiff used the UPS envelope that was provided with the materials from First International to mail the documents—as instructed.

18.     Plaintiff fully complied with his duties that arose out of his agreement with Defendants regarding the deed in lieu of foreclosure by executing the deed in lieu of foreclosure, the First International Contract, the Bank of America Contract, and all other required documents; by leaving the house in satisfactory condition; by vacating by the agreed-upon date; and so on.

19.     The executed deed in lieu of foreclosure was recorded on April 18, 2012, in the Duval County Clerk's Official Records, at Book 15915, Page 2340. The executed deed in lieu of foreclosure is attached as "Exhibit B."

20.     Plaintiff has never received the agreed-to check for $3,000, and Plaintiff has never received any further communications from Defendants regarding the deed in lieu of foreclosure, since its execution, despite emails and calls to Melissa Franklin of REDC and Colleen Laberti of First International.

4

## CAUSES OF ACTION

## COUNT I: VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

21.     Plaintiff re-alleges Paragraphs 1-20 here.

22.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, to wit Plaintiff was subjected to Defendants' improper, unfair, and deceptive debt collection activities, to wit Plaintiff entered into an agreement for deed in lieu of foreclosure, and has not received the agreed upon $3,000 in exchange for executing the deed in lieu of foreclosure.

23.     The mortgage and note on which Defendants were attempting to collect money is a "debt" within the meaning of section 15 U.S.C. § 1692a(5), as Defendant's lawsuit addresses an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes, and because Bank of America demanded a deficiency judgment against Plaintiff in the Foreclosure Complaint, which went beyond enforcing a security interest.

24.     Bank of America is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), to wit Bank of America used the mail in a business the principal purpose of which was to collect debt; regularly attempts to collect debts owed or due to another; attempted to collect a debt that was already in default when it purchased the debt, and because it filed the Foreclosure Complaint against Plaintiff in which it went beyond enforcing a security interest by praying for a deficiency decree.

25.     REDC is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), to wit REDC used the mail in a business the principal purpose of which was to collect debt; regularly

attempts to collect debts owed or due to another; attempted to collect a debt on behalf of Bank of America that was already in default when Bank of America purchased the debt, and by acting as an agent for Bank of America in its debt collection activities.

26.     First International is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), to wit First International used the mail in a business the principal purpose of which was to collect debt; regularly attempts to collect debts owed or due to another; attempted to collect a debt on behalf of Bank of America and/or REDC that was already in default when Bank of America purchased the debt, and by acting as an agent for Bank of America and/or REDC in their debt collection activities.

27.     Plaintiff fully complied with his duties that arose out of his agreement with Defendants regarding the deed in lieu of foreclosure by executing the deed in lieu of foreclosure, the First International Contract, the Bank of America Contract, and all other required documents; by leaving the house in satisfactory condition; by vacating by the agreed-upon date; and so on.

28.     Despite having fully complied with all his obligations with respect to the deed in lieu of foreclosure, and despite contacting REDC and First International on multiple occasions, Plaintiff has been unable to gain Defendants' compliance with their end of the agreement of providing to Plaintiff a check for $3,000.

29.     As such, Defendants intentionally or alternatively through gross negligence, violated the FDCPA by 1) using false, deceptive, or misleading representations or means in connection with the debt collection; and 2) using unfair or unconscionable means to collect a debt. §§ 1692e, 1692f.

30.     Pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages in the amount of $3,000, together with statutory damages of up to $1,000 for the violation.

**Trial by Jury**:  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## COUNT II:  VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT—§§ 501.201-.23, FLA. STAT ("FDUTPA")

31.     Plaintiff re-alleges Paragraphs 1-20 here.

32.     At all times material, Plaintiff was a "consumer," pursuant to section 501.203(7), Florida Statutes.

33.     At all times material, Bank of America was involved in "trade or commerce" by acting as mortgagor of the debt the purported debt that gives rise to the instant action, pursuant to section 501.203(8), Florida Statutes.

34.     At all times material, REDC was involved in "trade or commerce" by acting as Bank of America's agent in processing the deed in lieu of foreclosure, pursuant to section 501.203(8), Florida Statutes.

35.     At all times material, First International was involved in "trade or commerce" by acting as escrow and/or closing agent on behalf of Bank of America and/or REDC, pursuant to section 501.203(8), Florida Statutes.

36.     FDUTA makes unlawful "deceptive acts or practices in the conduct of any trade or commerce." § 501.202, Fla. Stat.

37.     Defendants intentionally conducted deceptive acts and practices in the conduct of trade and commerce by falsely representing that Plaintiff would be entitled to $3,000 in exchange for his compliance with the Bank of America Contract, First International Contract, his execution of the deed in lieu of foreclosure, by leaving the house in satisfactory condition, by vacating by the agreed-upon date, and so on.

7

38.    Plaintiff complied with all the requirements arising out of his agreement with Defendants, and never received the $3,000.

39.    Defendants' deceptive acts and unfair practices have directly and proximately actual damages in the form of $3,000 for Defendants' failure to comply with their aforementioned agreements.

40.    Plaintiff is entitled to actual damages in the amount of $3,000.

**Trial by Jury:**  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## COUNT III: BREACH OF CONTRACT AGAINST BANK OF AMERICA

41.    Plaintiff re-alleges Paragraphs 1-20 here.

42.    Plaintiff performed all conditions, covenants, and promises required to be performed by the Bank of America Contract.

43.    The Bank of America Contract constitutes a valid and enforceable contract.

44.    The executed Bank of America Contract is not attached as the executed contract is in Defendants' possession.  However, "Composite Exhibit A" contains the Bank of America Contract that was executed and provided to Defendants.

45.    Bank of America breached the Bank of America Contract by failing to tender the agreed-upon $3,000 to Plaintiff upon Plaintiff's execution and mailing of all the required documents and deed in lieu of foreclosure, Plaintiff's leaving the premises in satisfactory condition, and Plaintiff's vacation of the premises by the agreed-upon date.

46.    Plaintiff has never received the agreed-to check for $3,000, and Plaintiff has never received any further communications from Defendants regarding the deed in lieu of foreclosure,

since its execution, despite emails and calls to Melissa Franklin of REDC and Colleen Laberti of First International.

47.     Plaintiff is entitled to the benefit of his bargain in the amount of $3,000.

**Trial by Jury:** Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

### COUNT IV: BREACH OF CONTRACT AGAINST FIRST INTERNATIONAL

48.     Plaintiff re-alleges Paragraphs 1-20 here.

49.     Plaintiff performed all conditions, covenants, and promises required to be performed by the Bank of America Contract.

50.     The First International Contract constitutes a valid and enforceable contract.

51.     The executed First International Contract is not attached as the executed contract is in Defendants' possession.  However, "Composite Exhibit A" contains the First International Contract that was executed and provided to Defendants.

52.     First International breached the First International Contract by failing to tender the agreed-upon $3,000 to Plaintiff upon Plaintiff's execution and mailing of all the required documents and deed in lieu of foreclosure, Plaintiff's leaving the premises in satisfactory condition, and Plaintiff's vacation of the premises by the agreed-upon date.

53.     Plaintiff has never received the agreed-to check for $3,000, and Plaintiff has never received any further communications from Defendants regarding the deed in lieu of foreclosure, since its execution, despite emails and calls to Melissa Franklin of REDC and Colleen Laberti of First International.

54.     Plaintiff is entitled to the benefit of his bargain in the amount of $3,000.

9

**Trial by Jury**: Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7; Fed. R. Civ. P. 38; Fla R. Civ. P. 1.430.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a) judgment be entered against Defendants for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and all other relief to which Plaintiff is entitled; and

b) judgment be entered against Defendants for an award of actual damages; and for an award of litigation costs and reasonable attorney's fees pursuant to section 501.2105, Florida Statutes; and any and all other relief to which Plaintiff is entitled.

c) judgment be entered against Bank of America for an award of actual damages, and any and all other relief to which Plaintiff is entitled.

d) judgment be entered against First International for an award of actual damages, and any and all other relief to which Plaintiff is entitled.

Respectfully submitted,

PARKER & DUFRESNE, P.A.

\s Austin Brown
Austin Brown, Esquire
Florida Bar Number: 96633
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Tel: (904)733-7766; Fax: (904)733-2919
abrown@jaxlawcenter.com

**Trial Counsel for Plaintiff**

## VERIFICATION OF COMPLAINT

Under the penalties of perjury, Plaintiff Anthony M. Rodriguez states as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
Anthony M. Rodriguez

11

Composite Exhibit A.



**FIRST**
**INTERNATIONAL TITLE**

First International Title, Inc.
2034 East Sample Road
Lighthouse Point, FL  33064
Phone 954-861-5700
Fax 954-861-5701

<u>VIA FEDERAL EXPRESS</u>

February 1, 2012

Anthony M. Rodriguez
8090 Atlantic Blvd. # E31
Jacksonville, FL  32211

      RE:  Deed in Lieu of Foreclosure
          File Number: 16330-22

Dear Anthony M. Rodriguez:

<u>If any of the enclosed documents contain an error or require changes, please contact me immediately prior to signing.</u> Please have these documents executed and witnessed in the presence of a Notary Public.

1. All yellow X require your signatures.

2. All pink X require notary execution and signature.

3. All green X require witness signature. <u>Two different individuals MUST witness your signatures and one of the witnesses can be the Notary. PLEASE NOTE: RELATIVES, OF ANY KIND, AND INTERESTED PARTIES CAN NOT SIGN AS WITNESS.</u>

4. Paragraph 4 of the Estoppel and Solvency Affidavit require you to check your marital status and whether or not said property is your primary/homestead property along with your current address.

5. Please note that these documents are legal documents and the execution and delivery of these documents will constitute your surrender and transfer of the property to grantee.

6. Also please advise whether the property is completely vacant. Yes____ / No____.

7. Contact Contact Information: Cell# _____ Home# _____
    Work # _____ Email address _____

    ***Our ability to contact you is imperative to completing the Deed in Lieu.  Please provide the most reliable information to contact you during business hours.

Upon completion of the same, *please return the documents within 4 days to our office* utilizing the enclosed return FedEx envelope.  If you have any questions, please contact me directly at the number referenced above.

Sincerely,
Colleen Lamberti
First International Title

Document Prepared By:
Colleen Lambert
First International Title, Inc.
1234 E. Sample Road
Lighthouse Point, FL 33064
Phone 954-461-8700
Fax 954-861-9701

Property Address: 11539 Alexis Forest Drive
Jacksonville, FL

Folio Number: 156459-4015

## WARRANTY DEED IN LIEU OF FORECLOSURE

THIS INDENTURE, made this _____ day of February, 2012, between Anthony M. Rodriguez, a single man, hereinafter called the Grantor, whose address is: 11539 Alexis Forest Drive, Jacksonville, FL 32258, and FEDERAL NATIONAL MORTGAGE ASSOCIATION, hereinafter called the Grantee, whose address is: 14221 DALLAS PARKWAY, SUITE 1000, DALLAS, TX 75254 (Wherever used herein the terms "Grantor and Grantee" include the parties to this instrument and their heirs, legal representatives and assignees of individuals, and assigns of corporations)

### WITNESSETH:

That the Grantors, for and in consideration of the sum of Ten Dollars ($10.00) to it paid in hand, the receipt whereof is whereby acknowledged, and in further consideration for this Warranty Deed is the full cancellation of the Grantors' indebtedness to Grantee as represented by that certain promissory note, the Grantee hereby waives, and discharges its right to sue Grantors for any monies or deficiency under the Note (as set forth herein below) or any other document executed by Grantors in connection therewith, and in lieu of foreclosure by Grantee of the lien of that certain Mortgage from Grantors to Mortgage Electronic Registration Systems, Inc. as a nominee for First Option Mortgage, dated November 23, 2010, and recorded December 15, 2010, in official records Book 15457, Page 418. Said mortgage was assigned to Bank of America, NA by document dated August 8, 2011 and recorded in Official Records book 15681 at Page 1204 all of the Public Records of Duval, Florida (the "Mortgage"), securing payment of that certain Promissory Note dated on or about even date with the Mortgage, executed by Grantors in favor of Grantee in the original principal sum of $ 219,000.00, (the "Note", has granted, bargained, sold and transferred unto the Grantee and its heirs and assigns forever, all that certain parcel of land lying and being in the County of Duval, and State of Florida, as more particularly described as follows:

Lot 3, SWEETWATER CREEK UNIT FOUR, according to the Plat thereof, recorded in Plat Book 49, Page(s) 14 of the Public Records of Duval County, Florida.

A/K/A: 11539 Alexis Forest Drive, Jacksonville, FL 32258

In consideration of the execution and delivery of this Deed by Grantors, Grantee hereby covenants that it is releasing the promissory note and shall not sue Grantors for any deficiency under the Note or the Mortgage.

This Deed, and the conveyance being made hereby, is being executed, delivered and accepted in lieu of foreclosure of the lien of the Mortgage, and shall be interpreted and construed the same as a foreclosure of the lien of the Mortgage and as an absolute conveyance to Grantee of all of the right, title, interest and estate of Grantors in and to the Property, including specifically, but without limitation, any equity or rights of redemption of Grantors in and to the Property, or any portion thereof or interest therein.

Grantors further acknowledge and agree that the conveyance of the Property pursuant to this Deed is an absolute conveyance of all of Grantors' right, title, interest and estate in and to the Property and is not intended to constitute a deed of trust, mortgage, trust conveyance or other security agreement of any nature whatsoever.

Grantors and Grantee specifically intend that there shall not be any merger of the lien of the Mortgage or any other liens in favor of Grantee with the fee simple title or any other interest of Grantee

in and to the Property under any circumstances connected with this conveyance. Grantors and Grantee expressly provide that the interest of Grantee in and to the lien of the Mortgage and the title or other interest of the Grantee in and to the Property shall at all times remain separate and distinct. No merger of title shall be deemed to have been effected or created hereby.

Any and all rights of Grantee to exercise its remedy of foreclosure of the lien of the Mortgage, together with any other remedies available to Grantee, are expressly preserved hereby, but not for the purposes of any personal deficiency liability of Grantors.

The priority of the lien of the Mortgage is intended to be, and shall remain in full force and effect, and nothing herein or in any instruments executed in connection herewith shall be construed to subordinate the priority of the lien of the Mortgage to any other liens or encumbrances whatsoever.

TOGETHER, with all tenements, hereditaments and appurtenances, with every privilege, right, title interest, and estate, dower and right of dower, reversion, remainder and easement thereto belonging or in anywise appertaining; TO HAVE AND TO HOLD the same in fee simple forever.

And the Grantors covenant with the Grantee that they are lawfully seized of the same premises, that they are free from all encumbrances except as set forth herein, and that they have good right and lawful authority to sell the same; and that the Grantors hereby fully warrant the title to the said land, and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF the Grantor has hereunto set Grantor's hand and seal the day and year first above written.

Wherever the text in this Deed so requires, the use of any gender shall be deemed to include all genders, and the use of the singular shall include the plural.

Signed, sealed and delivered in our presence:


_____
Anthony M. Rodriguez

_____          _____
WITNESS:                                  WITNESS:

_____          _____
(Printed Signature)                       (Printed Signature)

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of February, 2012, by Anthony M. Rodriguez, who is personally known to me or who presented _____ _____ as identification.


My Commission Expires:          _____
(SEAL)                          NOTARY          PUBLIC

## ESTOPPEL AND SOLVENCY AFFIDAVIT

STATE OF _____
COUNTY OF _____

BEFORE ME, the undersigned authority duly qualified to administer oaths and take acknowledgments in the county and state aforesaid, personally appeared Anthony M. Rodriguez, a single man, hereinafter (the "Grantors"), who being by me first duly sworn and cautioned, depose and state:

1. That they are the persons who made, executed and delivered that certain Deed in Lieu of Foreclosure (the "Deed") to FEDERAL NATIONAL MORTGAGE ASSOCIATION, hereinafter (the "Grantee"), dated the ___ day of February, 2012, conveying that certain parcel of land lying and being in the County of Duval, and State of Florida, as more particularly described as follows:

Lot 3, SWEETWATER CREEK UNIT FOUR, according to the Plat thereof, recorded in Plat Book 49, Page(s) 14 of the Public Records of Duval County, Florida.

A/K/A: 11539 Alexis Forest Drive, Jacksonville, FL 32258

2. That the Deed was an absolute conveyance of the title to the Property to the Grantee therein named, in effect as well as in form, and was and is not intended as a mortgage, trust conveyance or security of any kind, and possession of the Property has been surrendered to the Grantee; consideration of the Warranty Deed was and is the full cancellation of the Grantors' indebtedness to Grantee as represented by that certain Mortgage from Grantors to Mortgage Electronic Registration Systems, Inc. as a nominee for First Option Mortgage, dated November 23, 2010, and recorded December 15, 2010, in official records Book 15457, Page 418. Said mortgage was assigned to Bank of America, NA by document dated August 8, 2011 and recorded in Official Records book 15681 at Page 1204 all of the Public Records of Duval, Florida (the "Mortgage"), securing payment of that certain Promissory Note dated on or about even date with the Mortgage, executed by Grantors in favor of Grantee in the original principal sum of $ 219,000.00, (the "Note)

3. The Deed and conveyance are made by the Grantors, and was the result of their request that the Grantee accept the Deed, and was their free and voluntary act; at the time of making the Deed the Grantors felt and still feel that the mortgage indebtedness above described represented a fair value of the Property so deeded; the Deed was not given as a preference against any other creditor of the Grantors; at the time the Deed was given, there was no other person or persons, firm or corporations, other than the Grantee named in the Deed and the Grantee, as the first mortgage, interested, either directly or indirectly, in the Property; the Grantors are solvent and have no other creditors whose right would be prejudiced by the conveyance evidenced by the Deed; and the LEGAL DELIVERY OF THIS DEED shall not take place until the **DEED is RECORDED** by the agent or representatives of the Grantee, and confirmation is provided that no intervening liens, claims or interests have been recorded in the public records regarding the Property; however, Grantee has the right to waive any obligations to any intervening liens, claims or interests that have been recorded in the public records regarding the Property.

4. That at the time of execution of said Warranty Deed in Lieu of Foreclosure, the Affiants were single ____ / married ____ and said property constitutes the homestead ____ / non-homestead ____ of the Grantors in that they are residing at:

_____

5. Affiants warrant and represent to FEDERAL NATIONAL MORTGAGE ASSOCIATION, that the subject property has no other pending litigation upon it, has not been used for any commercial purpose, there is no written lease nor is the property currently rented or in possession of any tenants, there has not been any environmental contamination occurring upon the land or improvement to FEDERAL NATIONAL MORTGAGE ASSOCIATION, ownership and title to the real property.

6. Affiants agree to indemnify and hold FEDERAL NATIONAL MORTGAGE ASSOCIATION, harmless from any damages that may result from any undisclosed or subsequent liens or other obligations that attach to the real property, Anthony M. Rodriguez, is obligated to pay.

7.    Affiants agree that in the event of an action for breach of this agreement or for indemnification the Affiants will pay to **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, its reasonable attorney fees and costs up through and including appeal. Affiants stipulate to venue for any action brought to enforce this agreement to be in the Circuit Court in for Duval County, Florida.

**FURTHER AFFIANTS SAYETH NOT.**

_____
Anthony M. Rodriguez

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me this _____ day of February, 2012, by Anthony M. Rodriguez, who is(are)  personally known to me or who presented _____
_____ as identification.

My Commission Expires:
(SEAL)                              _____
                                         NOTARY PUBLIC

Document Prepared By:
Colleen Lamberti

Deed In Lieu Department
Record and Return To:
First International Title
2034 East Sample Road
Lighthouse Point, Florida 33064
File Number: 16330-22

## GENERAL AFFIDAVIT

STATE OF _____

COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared Anthony M. Rodriguez, (hereinafter called "Grantor" or "Affiants") who upon first being duly sworn by me, deposed and stated as follows:

1. That the Grantor is the true owner of the following described property:

Lot 3, SWEETWATER CREEK UNIT FOUR, according to the Plat thereof, recorded in Plat Book 49, Page(s) 14 of the Public Records of Duval County, Florida.

**A/K/A: 11539 Alexis Forest Drive, Jacksonville, FL 32258**

2. That Grantor/Affiant has been in full, continuous, open, exclusive, peaceable and undisputed possession of said property since the time of investing of title to said property in Affiant, that there are no parties who may have any interest or right to claim an interest in said property other than Affiant, and that there are no facts known to Affiant which could give rise to a claim being asserted against said property, except: NONE

3. That there are no taxes, liens or assessments which are due or about to become due or which have attached or could attach to said property except as shown on the Settlement Statement.

4. That there are no actions or proceedings now pending in State or Federal Court to which the Affiant is a party including, but not limited to, proceedings in Bankruptcy, Receivership or Insolvency, except: NONE

5. That there are no judgments, encumbrances or liens of any nature affecting said property, except: NONE

6. There are no mortgages encumbering the property, recorded or unrecorded, other than those shown on the Title.

7. That there have been no improvements, repairs, additions or alterations performed upon said property within the past 90 days.  That Affiant has not entered into any agreement or contract with any party for the furnishing of any labor, services or material in connection with any improvements, repairs, additions or alterations to said property. (Excluding current repairs which seller is paying for).

8. That Affiant knows of no unpaid utilities with respect to the aforesaid property, and hereby agrees to hold FEDERAL NATIONAL MORTGAGE ASSOCIATION, harmless for same and indemnify FEDERAL NATIONAL MORTGAGE ASSOCIATION, in the event any such utilities may be outstanding, to the extent the same prove to be the responsibility of either Affiants.

9. That Affiant has executed no document and will execute no document which could rise to a lien, encumbrance, or otherwise attach in any manner to the property or affect the title to said property between the date of the Deed being issued in connection with the Deed In Lieu of

Foreclosure and the ultimate recording of the documents (Deeds and Mortgages) which are contemplated by the recording date of said documents.

10. If the subject property is any part of a Condominium Association or Homeowner's Association, Affiant represent that all regular and special assessments therefore are current, without any delinquencies.

**FURTHER AFFIANTS SAYETH NAUGHT**

Anthony M. Rodriguez

STATE OF _____

COUNTY OF _____

The foregoing instrument was acknowledged before me on this _____ day of _____, 2012 by Anthony M. Rodriguez, he/she is personally known to me or has produced _____ as identification and did take an oath.

My Commission Expires:

_____
Notary Public

Prepared By:
Colleen Lombard
Record and Return To:
Deed in Lieu Department
First International Title
2014 East Sample Road
Lighthouse Point, Florida 33064
File No.: 16330-22

## NON-IDENTITY AFFIDAVIT

STATE OF _____

COUNTY OF _____

BEFORE ME, this day personally appeared Anthony M. Rodriguez, who being first duly sworn, deposes and says:

1. That the Affiant is the owner of the following described property:

Lot 3, SWEETWATER CREEK UNIT FOUR, according to the Plat thereof, recorded in Plat Book 49, Page(s) 14 of the Public Records of Duval County, Florida.

A/K/A: 11539 ALEXIS FOREST DRIVE, JACKSONVILLE, FLORIDA 32258

2. That Affiant has none of the following filed against her or pending against her which could cause an encumbrance of the above described property:

Any and all matters contained in the Public Records including but not limited to Liens, Judgments, Federal Tax Liens, and Bankruptcy including that Certain Judgment and Sentence in OR Book/Page 15632/2340.

3. Affiant's Social Security Number is as follows:

:    XXX-XX-_____

____ XXX-XX-_____

FURTHER AFFIANT SAYETH NAUGHT.

_____
Anthony M. Rodriguez

The foregoing instrument was acknowledged before me this _____ day of February , 2012 by Anthony Rodriguez; who is  personally known to me or has produced _____ as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires:



**FIRST**
**INTERNATIONAL TITLE**

First International Title, Inc.
2034 East Sample Road
Lighthouse Point, FL 33064
Phone 954-861-5700

Fax 954-861-5701

## RELEASE OF OWNER'S INTEREST IN PERSONAL PROPERTY

File No.: 16330-22

We, Anthony M. Rodriguez hereby declare that we are the legal owners of all of the miscellaneous personal property located 11539 Alexis Forest Drive, Jacksonville, FL 32258

In consideration of Federal National Mortgage Association acceptance of a deed in lieu of foreclosure, we hereby release and forever discharge Lender, its agents, employees and attorneys of any claim, cause of action, liability or suit regarding any personal property left by us at the above-described Property Address. We hereby release any and all interests and claims in any personal property left and / or abandoned at above-described Property Address, including, but not limited to, furniture, clothing, heirlooms, appliances, artwork, and all other personal property of any nature. We understand that all personal property left by us on the property after delivery of the deed in lieu of foreclosure shall be disposed of by Lender or its agents and attorneys without compensation to me / us.

Print Name_____          Print Name_____

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me on this ___ day of _____, 2012 by _____, who are personally known to me or who has produced _____ as identification and did take an oath.

_____
Notary Public

_____
Printed Notary Name

My Commission Expires:

**This law firm is a debt collector. Any information obtained will be used for that purpose. If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.**



**FIRST**
**INTERNATIONAL TITLE**

First International Title, Inc.
2034 East Sample Road
Lighthouse Point, FL 33064
Phone 954-861-5700

Fax 954-861-5701

February 1, 2012

RE: 16330-22

Anthony M. Rodriguez

11539 Alexis Forest Drive
Jacksonville, FL 32258

### <u>Deed In Lieu of Foreclosure Conditions and Acknowledgment</u>

Please sign this letter below where indicated and return the original copy to this office as an acknowledgment of receipt.

1) **Deficiency Waiver.** This is to advise you that any waiver of deficiency applies <u>ONLY</u> to the lien specifically referenced in the Warranty Deed in Lieu of Foreclosure. The Servicer makes no representation as to waiver of deficiency for any junior liens.

2) **Possible Tax Considerations.** You are encouraged to consult with a tax advisor regarding any potential tax consequences that may result from this transaction.

3) **Property Condition.** The property must be vacant, in broom-swept condition, free of interior and exterior trash debris or damage, and all personal belongings must be removed from the property. The property must be vacated upon an agreed upon date, typically 30 days from receipt of this acknowledgment. If no date is agreed upon, then all parties agree that the property will be vacated within 30 days from the date of this notice. If the property cannot be vacated in 30 days or if the property is deemed to be in unsatisfactory condition the Deed in Lieu of Foreclosure offer could be rescinded or the relocation incentive may be reduced or eliminated.

4) **Title.** You must provide clear and marketable title. There can be no liens against the property when the title is transferred. The Deed in Lieu of Foreclosure is not complete until it is recorded. If you cannot provide clear title or if title cannot be cleared the Deed in Lieu of Foreclosure will be canceled.

5) **Foreclosure Sale Date.** If a Foreclosure sale date is set during this process the Deed in Lieu of Foreclosure may be canceled.

6) **Relocation Allowance.** If you comply with all of your responsibilities under this agreement you will be entitled to an incentive payment to assist with relocation expenses of up to $3,000.00. Your responsibilities include vacating the property on or before the agreed upon date, and leaving the property in acceptable condition both internally and externally.

7) **Settlement of a Debt.** The proposed transaction represents our attempt to reach a settlement of the delinquent mortgage. You are choosing to enter into this agreement even though there is no guarantee that the Deed in Lieu of Foreclosure will be approved or completed. The Foreclosure process will continue simultaneously with the Deed in Lieu process.

Very truly yours,

Deed in Lieu Department
(954) 861-5703

## ACKNOWLEDGMENT OF RECEIPT

**Deed In Lieu of Foreclosure Conditions and Acknowledgment**

_____         _____
SIGNATURE                             SIGNATURE



_____         _____
PRINT NAME                            PRINT NAME

**IMPORTANT NOTE: CONTACTING THIS OFFICE WILL NOT SUSPEND YOUR OBLIGATION TO MAKE YOUR MORTGAGE PAYMENTS UNLESS AND UNTIL AN AGREEMENT IS FINALIZED. ALL COLLECTION AND FORECLOSURE ACTIVITY REGARDING THIS LIEN WILL NOT CEASE UNLESS AND UNTIL AN AGREEMENT IS COMPLETED *AND YOU WILL BE RESPONSIBLE FOR ANY AND ALL FEES AND EXPENSES INCURRED THROUGH THIS ACTION. RESPONDING TO THIS DOES NOT TERMINATE YOUR OBLIGATION TO TIMELY RESPOND TO THE COURT IN THE PENDING FORECLOSURE ACTION.* YOU SHOULD SEEK ANY AND ALL AVAILABLE REMEDIES/DEFENSES, INCLUDING RETAINING COMPETENT LEGAL COUNSEL WHO WILL ACT IN YOUR BEST INTEREST. THIS FIRM DOES NOT REPRESENT YOU AND SHOULD NOT BE CONSTRUED AS SUCH. ALL DECISIONS ON WHETHER OR NOT YOU QUALIFY FOR THIS DEED IN LIEU OFFER WILL BE MADE BY INVESTOR / OWNER OF THE LOAN. IF YOU ARE REPRESENTED BY COUNSEL, PLEASE FORWARD THIS LETTER TO YOUR ATTORNEY.**

## NON-FOREIGN AFFIDAVIT
### (Individuals)

BEFORE ME, the undersigned authority, personally appeared **Anthony M. Rodriguez** who after being duly sworn deposes and says as follows:

1. Anthony M. Rodriguez (hereinafter referred to as "Seller") is the owner of the following described real estate ("Property"):

Lot 3, SWEETWATER CREEK UNIT FOUR, according to the Plat thereof, recorded in Plat Book 49, Page(s) 14 of the Public Records of Duval County, Florida.

2. Section 145 of the Internal Revenue Code provides that a transferee ("Buyer") of a U.S. real property interest must withhold tax at a rate of 10% of the amount realized on the disposition if the transferor ("Seller") is a foreign person. To inform the Buyer that withholding of tax is not required upon the transfer of the above-described property by Seller, the undersigned hereby swears, affirms and certifies, as applicable, the following:

( ) U.S. CITIZEN:

a. Seller is a U.S. citizen and is not therefore a non-resident alien (as such term is defined in the Internal Revenue Code and Income Tax Regulations) for purposes of U.S. income taxation.

b. Seller's Legal Name(s):

c. Seller's Social Security Number(s):

d. Seller's Home Address:

( ) RESIDENT ALIEN (Green Card Test):

a. Seller is a resident alien as evidenced by the copy of their "green card", a true copy of which is attached hereto and is not therefore a non-resident alien (as such term is defined in the Internal Revenue Code and Income Tax Regulations) for purposes of U.S. income taxation.

b. Seller's Legal Name(s):

c. Seller's Social Security or Tax ID Number(s):

d. Seller's Home Address:

( ) RESIDENT ALIEN (Substantial Presence Test):

a. Seller meets the "substantial presence test".pursuant to the Internal Revenue Code and Income Tax Regulations as evidenced by the completed formula attached hereto and hereby incorporation into this certification and is not therefore a non-resident alien (as such term is defined in the Internal Revenue Code and Income Tax Regulations) for purposes of U.S. income taxation.

b. Seller's Legal Name(s): _____

c. Seller's Social Security or Tax ID Number(s): _____

d. Seller's Home Address: _____

3. Seller understands that this certification may be disclosed to the Internal Revenue Service by Buyer and that any false statement contained herein could be punished by fine, imprisonment or both.

4. Under penalties of perjury, the undersigned hereby declare that they have examined this certificate and, to the best of the undersigned's knowledge and belief, it is true, correct and complete, and the undersigned further declares that they have the authority to sign this document as Seller.

5. Seller hereby acknowledges that, in addition to punishment by fine, imprisonment or both as above set forth, this instrument is given for the purpose of inducing **Federal National Mortgage Association** to purchase the property and First International Title, Inc. as agent of First American Title Insurance Company to insure title to the Property and act as disbursing agent, with respect thereto. Seller further acknowledges that this affidavit is given with full understand that said parties will rely upon same to establish the truth of the facts set forth herein and understands the civil liability for any misrepresentation herein.

_____
Anthony M. Rodriguez

State of _____

County of _____

**Sworn To, Subscribed and Acknowledged** before me on _____, by Anthony M. Rodriguez, who is/are personally known to me or who has/have produced a valid driver's license as identification.

_____
NOTARY PUBLIC

_____
Notary Print Name

My Commission Expires:

# SELLER'S AFFIDAVIT

BEFORE ME, the undersigned authority, personally appeared Anthony M. Rodriguez who, being duly sworn according to law, deposes and says as follows (as used in this Affidavit, the terms "Affiant" and "Affiants" shall include all parties executing this Affidavit):

1.   That Affiant(s) has agreed to sell to (Purchaser): Federal National Mortgage Association the following described property:

Lot 3, SWEETWATER CREEK UNIT FOUR, Duval County, FL.

2.   That, to the actual knowledge of Affiant, there are no parties who have any interest in said property other than the Purchaser and there are no facts actually known to Affiant which could give rise to a claim being adversely asserted to any of said property, and Affiant has delivered exclusive possession of said property, free and clear of the rights of any tenant or other occupant, EXCEPT:

NONE

3.   That other than as shown in Item 1, Affiant has entered into no agreement, contract or commitment for the sale, lease, mortgage, option or creation of any other encumbrance of said property, EXCEPT:

NONE

4.   That there are no unrecorded easements or rights-of-way affecting all or any portion of the property.

5.   That to the actual knowledge of Affiant, there are no improvements, repairs, additions or alterations performed upon said property within the past 90 days, for which payment has not been made in full; that the Affiant has not entered into any agreement or contract with any party for the furnishing of any labor, services or material in connection with any improvements, repairs, additions or alterations within the past 90 days; and that there are no parties actually known to Affiant who have any claim or right to a lien for services, labor or material in connection with any improvements, repairs, additions or alterations on said property.

6.   That Affiant _____is_____ is not a citizen of the United States is of legal age, under no legal disabilities and has never been known by any other name than shown above.

7.   That there are no actions or proceedings now pending in any state or Federal Court to which Affiant is a party including, but not limited to, proceedings in bankruptcy, receivership or insolvency, nor are there any judgments or liens of any nature which constitute or could constitute a charge or lien upon said property.

8.   That, there are no matters pending against Affiant that could give rise to a lien that would attach to the property between the disbursing of funds and the recording of the interest to be insured, and that Affiant has not and will not execute any instrument that would adversely affect the title to or interest to be insured.

9.   That all association dues in connection with the above described unit/lot (including Homeowner's Association dues and/or Condominium Association dues), if applicable, are current as of the date of this affidavit and affiant has received no notice of any impending or future special assessments from said association.

Affiant makes this Affidavit for the purpose of inducing **First International Title, Inc.** as an agent for First American Title Insurance Company to issue its Policy or Policies of Title Insurance in connection with the above referenced transaction(s).

_____

Anthony M. Rodriguez

State of Florida
County of _____

**Sworn to, Subscribed and Acknowledged** before me on _____, by Anthony M. Rodriguez, Who is/are personally known to me or who has/have produced a valid driver's license as identification.

_____

NOTARY PUBLIC

_____

Notary Print Name
My Commission Expires: _____



**FIRST**
**INTERNATIONAL TITLE**

First International Title, Inc.
2034 East Sample Road
Lighthouse Point, FL 33064
Phone 954-861-5700
Fax 954-861-5701

## Consent and Authorization Form

Date: February 1, 2012

Property Address: 11539 Alexis Forest Drive, Jacksonville, FL 32258
Borrower: Anthony M. Rodriguez
Social Security No: XXX-XX-_____

To: Whom It May Concern,

This letter will serve as authorization for the release of information to First International Title, its employees, agents, or subcontractors for the above referenced property. We agree that First International Title may discuss and/or release any personal private financial information about us with any Interested Party. This Consent shall remain in effect until we terminate the consent by a separate written letter signed by Anthony M. Rodriguez and delivered to First International Title.

A photocopy of this authorization bearing signatures of the undersigned may be deemed the equivalent of the original.

_____
Anthony M. Rodriguez

# COMPLIANCE AGREEMENT

File No: 16330-22

Seller(s): Anthony M. Rodriguez


Buyer: Federal National Mortgage Association

Loan Number: 224614146

Property Address: 11539 Alexis Forest Drive, Jacksonville, Florida 32258

Lot 3, SWEETWATER CREEK UNIT FOUR, according to the Plat thereof, recorded in Plat Book 49, Page(s) 14 of the Public Records of Duval County, Florida.


The undersigned seller(s), agree(s), if requested by buyer or title agent for the buyer, to fully cooperate and adjust for clerical errors on any or all of the deed in lieu documentation deemed necessary or desirable in the reasonable discretion of the buyer or title agent for the buyer to enable buyer to sell and convey to any entity including but not limited to any investor of the buyer.

The undersigned seller(s) do hereby so agree and covenant in order to assure this deed in lieu documentation this date will conform and be acceptable in the market place in the instance of transfer, sale or conveyance by buyer of its interest in and to said property.

IN WITNESS WHEREOF the said part of the first part has executed these presents the day and year first above written.

Signed, sealed and delivered in our presence:


| _____ | _____ |
| Witness Signature | Witness Signature |
| _____ | _____ |
| Print Name | Print Name |


_____

Seller

_____

Seller


State of

County of

The foregoing instrument was subscribed to and acknowledged before me this _____ day of _____, 20_____, by _____, who is personally known to me or who has produced a driver's license as proof of identification, no oath taken, none required.


_____

Notary Public
Printed Name:_____
My commission expires



**Your deed in lieu of foreclosure
is approved.
Please respond by
February 14, 2012**



Anthony Rodriguez
8090 Atlantic Blvd Apt E31
Jacksonville, FL 32211

Loan# XXXXX4146

January 30, 2012

11539 Alexis Forest Dr
Jacksonville, FL 32258

Dear Anthony Rodriguez:

As your home loan servicer, we are dedicated to helping you find a solution to avoid foreclosure on your property. We are pleased to inform you that your request for a deed in lieu of foreclosure has been approved. In order to successfully complete your deed in lieu of foreclosure, please complete the enclosed documentation and return by February 14, 2012.

**What you need to know:**

* The owner of your mortgage note, the mortgage insurer, if your loan is covered by mortgage insurance, and Bank of America, N.A., waive their right to pursue collection of any Deficiency following the completion of your deed in lieu of foreclosure and your debt is considered settled. The Deficiency is the difference between: (1) the remaining amount due under the mortgage note and mortgage or deed of trust; and, (2) the current market value of the property plus any cash contribution you make or amount you agree to repay in the future.

* The amount of the Deficiency will be reported to the Internal Revenue Service (IRS) on the appropriate 1099 Form or Forms. We suggest that you contact the IRS or your tax preparer to determine if you have any tax liability.

* We will record a lien release in full satisfaction of the mortgage upon transfer of title of the property by the signed transfer of title document if all of the terms and conditions of this Agreement are met.

* Bank of America, N.A. will report the debt to the credit reporting agencies as "deed received in lieu of foreclosure on a defaulted mortgage". To learn more about the potential impact of a Deed in Lieu of Foreclosure on your credit, visit http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm

**What are the next steps?**
Please review the information below that outlines what you will need to do in order to successfully complete your deed in lieu of foreclosure.

* If the property is still listed for sale, please ask your real estate agent to take the property off the market immediately.



**Bank of America** **Home Loans**

- Please review the Terms and Conditions of approval, outlined in this letter. This is important because if any of the Terms and Conditions are not met we will cancel the approval of this offer and continue the foreclosure process as permitted by the mortgage documents.

- We have enclosed the following documents that each borrower on the loan must complete, sign and return by February 14, 2012:
  - o Assignment of Unearned Premium Refund
  - o Important Notice Regarding Income Tax Reporting
  - o Surrender of Possessions Agreement
  - o Move out Agreement
  - o Personal Property Release

Please fax the documents to 1.888.740.3832 or mail to:

**Bank of America, N.A .
c/o REDC Default Solutions
6200 Tennyson Pkwy, Suite 110
Plano, TX 75024-6100**

Approximately one week from the date of this letter, you will receive the prepared deed in lieu of foreclosure documents in the mail from our attorney or closing representative. Each borrower listed on the loan must sign all of the documents, have your signature(s) notarized where required, and return all documents to the attorney or closing representative by the date specified in the package. If the documents are not returned by the due date, your deed in lieu of foreclosure request will be cancelled.

We may begin or continue the foreclosure process as permitted by your mortgage documents, until the transfer of title on your property has been completed. However, we will postpone any foreclosure sale, provided that all borrowers on the loan are complying with the deed in lieu of foreclosure terms and conditions.

Specialists are here to help
We are working with REDC Default Solutions, a third party company and experts in deed in lieu of foreclosure solutions. If you have any questions about the deed in lieu process, please contact REDC Default Solutions at 1.800.730.7274 between the hours of 9:00 a.m. and 5:00 p.m. Eastern, Monday through Friday.

Bank of America, N.A.

In order to expedite this process, Bank of America, N.A. is working with a third party company, REDC Default Solutions. Federal law requires that we communicate to you that Bank of America, N.A. and REDC Default Solutions are debt collectors. However, the purpose of the communication is to let you know about your potential eligibility for this program to help you avoid foreclosure.

Enclosures:
Assignment of Unearned Premium Refund
Important Notice Regarding Income Tax Reporting
Surrender of Possessions Agreement
Move out Agreement
Personal Property Release

Mortgages funded and administered by an ⌂ Equal Housing Lender.
⌂ Protect your personal information before recycling this document.



Bank of America ◆ Home Loans

## Deed in Lieu of Foreclosure Terms and Conditions

1. **Title.** You must provide a marketable title. In other words, there can be no other liens, such as a home equity loan, against the property when the title is transferred to Fannie Mae. It is your responsibility to work with other lien holders to ensure there are no outstanding liens against the property at the time of the transfer of title. We will contribute up to 6 (six) percent of the combined unpaid principal balance(s) of any other liens, not to exceed a total of $6,000, toward paying off any other lien holders.

2. **Occupancy.**

   a. **Vacating the Property.** Unless you will be leasing the property under the Deed-for-Lease™ Program, the property is to be vacated on or before February 20, 2012. REDC Default Solutions must be given at least 24 hours notice of the exact move out date so that we may secure the property.

   b. **Property Maintenance and Expenses.** Until you complete the deed in lieu of foreclosure process, you are responsible for all property maintenance and expenses of the property including utilities, assessments, and costs for interior and exterior maintenance. Additionally, you must report any and all property damage to us and file a homeowner's insurance claim for covered damage. If you are entitled to receive any proceeds based on a claim for damage to the property under any policy of insurance, including Bank of America, N.A.'s lender-placed, casualty, fire, flood, etc., or if you are entitled to receive other miscellaneous proceeds, as that term is defined in the deed of trust/mortgage (which could include Community Development Block Grant Program (CDBG) funds), these proceeds must be disclosed before we will complete the request for a deed in lieu. If we receive a check for insurance or miscellaneous proceeds that were not previously disclosed, Bank of America, N.A. will have the right to keep the proceeds and apply them to Bank of America, N.A.'s loss after the deed in lieu. We similarly would have the right to claim the proceeds to offset our losses if they were not previously disclosed and they were sent directly to you.

3. **Property Condition.** Unless your request for a Deed-for-Lease™ is approved, you must leave the property in clean condition, free of interior and exterior trash, debris or damage, and all personal belongings must be removed from the property. Appliances and fixtures must remain in the property through the transfer of title. The yard must be clean and neat, and you must deliver all the keys and controls, such as garage door openers, to us once the deed in lieu of foreclosure is completed. If the property is deemed to be in unsatisfactory condition, the deed in lieu of foreclosure offer could be cancelled or the funds typically paid to the borrower could be used to repair the property.

4. **Deed in Lieu of Foreclosure Documents.** You must agree to execute the deed in lieu and any other documents required by state law to convey clear and marketable title to Fannie Mae. The signed and notarized deed in lieu documents must be returned by a specified date, which will be clearly indicated in the package you receive from our attorney or closing representative.

5. ☐ **Cash Contribution.** If the cash contribution box is marked, you will need to contribute $, to assist in the closing of this transaction. This contribution must be in the form of certified funds or Western Union funds - any other form of payment will be returned to you. All transactions must reference Loan # XXXXX4146/Anthony Rodriguez and 11539 Alexis Forest Dr Jacksonville, FL 32258. Cash contributions should be made payable to Bank of America, N.A. and may be remitted:

    a. Via Western Union to City Code:

**Drake, State Code: CA, Simi Valley CA 93065**
Or

    b. Via Mail To:

**Bank of America, N.A.
Mail Stop CA6-921-01-03
450 American Street
Simi Valley, CA 93065**

**Please reference: Post to Fee Code 14004**

If we cannot identify the funds, they will be returned. If the required cash contribution is not received, a delay of the transaction and/or possible cancellation of this Deed in Lieu may occur.

6. ☐ **Promissory Note.** The promissory note that was agreed upon, in the amount of $0.00, is required and will be included in the package of documents from the attorney or closing representative. The promissory note must be signed, notarized and returned separately to Bank of America, N.A. by the same specified date on the documents. It is your responsibility to ensure that the executed and notarized promissory note is returned to Bank of America, N.A. Please reference Loan # XXXXX4146/Anthony Rodriguez and 11539 Alexis Forest Dr Jacksonville, FL 32258

This Deed in Lieu Approval is contingent upon Bank of America, N.A. and/or its investors receiving a properly executed and notarized promissory note, and we will reserve the right to collect the full amount on the new promissory note, which may lead to us pursuing a deficiency on that balance should the need arise. If the required promissory note is not received, a delay of the transaction and/or possible cancellation of this deed in lieu may occur.

Please mail to: Attn: Promissory Note Recipient
Mail Stop CA6-921-01-03
450 American Street
Simi Valley, CA 93065

7. **Proceeds, Escrow, and/or Refunds.** You may not receive any proceeds from this Deed in Lieu transaction. If there are any remaining escrow funds or refunds, they will be sent to Bank of America, N.A. to offset the loss.

8. **Foreclosure Sale Suspension.** We may begin or continue the foreclosure sale process as permitted by your mortgage documents, until the transfer of title on the property has been completed. However, we will postpone any foreclosure sale, providing that all borrowers on the loan are complying with the deed in lieu of foreclosure terms and conditions.

9. **Termination of This Deed in Lieu of Foreclosure Approval.** We may terminate this Approval and cancel the Deed in Lieu of Foreclosure transaction at any time if:
   a. You fail to act in good faith with the Approval.
   b. A significant change occurs to the property condition or value.
   c. There is evidence of fraud or misrepresentation.
   d. You file for bankruptcy and the Bankruptcy Court declines to approve the Agreement.
   e. Litigation that could affect title to the property or interfere with the completion of a Deed in Lieu of Foreclosure is initiated or threatened.
   f. We do not receive the required signed and notarized documents within the specified period, then we will pursue all of our remedies under our note and mortgage.

10. **Waiver Deficiency.** The owner of your mortgage note, the mortgage insurer, if your loan is covered by mortgage insurance and Bank of America, N.A. waive their right to pursue collection of any Deficiency following the completion of your deed in lieu of foreclosure and your debt is considered settled. The Deficiency is the difference between: (1) the remaining amount due under the mortgage note and mortgage or deed of trust; and, (2) the current market value of the property plus any cash contribution you make or amount you agree to repay in the future.

    Please be aware of the following:

    - The amount of the Deficiency will be reported to the Internal Revenue Service (IRS) on the appropriate 1099 Form or Forms. We suggest that you contact the IRS or your tax preparer to determine if you have any tax liability.

    - We will record a lien release in full satisfaction of the mortgage upon transfer of title of the property by the signed transfer of title document if all of the terms and conditions of this Agreement are met.

    - Bank of America, N.A. will report the debt to the credit reporting agencies as "deed received in lieu of foreclosure on a defaulted mortgage". To learn more about the potential impact of a Deed in Lieu of Foreclosure on your credit, visit http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm

11. **Borrower Relocation Assistance.** If you comply with all your responsibilities under the terms and conditions, you may receive relocation assistance of $3,000 to assist with moving, rental, and relocation expenses. Once we have received your signed transfer of title, you have vacated the property and delivered the keys to us, and we have verified the condition of the property, we will mail the relocation assistance check to the address we have for you on file within 10 business days.

**Insurance Company**

_____

_____

_____

_____

_____

_____

**Policy Number**

_____

_____

_____

_____

_____

_____

### ASSIGNMENT OF UNEARNED INSURANCE PREMIUM REFUND

A deed in lieu of foreclosure was completed on the property: 11539     The transaction closed on:
Alexis Forest Dr Jacksonville, FL 32258                                _____.

I/We, the insured, hereby request cancellation of the referenced policy effective on the closing date. Please refund the unearned portion of the premium directly to:

Bank of America, N.A.
Mail Stop CA6-921-01-03
450 American Street
Simi Valley, CA 93065
REFERENCE Account No: XXXXX4146

I/We, the insured, hereby relinquish any claim to these funds.

_____                              Date
Anthony Rodriguez    Signature

---

### Important Notice to Borrower Regarding Income Tax Reporting

In order to provide you with copies of any forms and/or information filed with or reported to the IRS about your mortgage at year-end, Bank of America, N.A. will need your new mailing address. Please complete the information below and return it to:

Bank of America, N.A.
Mail Stop CA6-921-01-03
450 American Street
Simi Valley, CA 93065

**XXXXX4146**
Anthony Rodriguez

**Current Mailing Address:**
8090 Atlantic Blvd Apt E31
Jacksonville, FL 32211

**New Mailing Address:**
Street: _____

_____

City: _____ State: _____ Zip_____
Telephone: (_____) _____-_____

## SURRENDER OF POSSESSIONS AGREEMENT

This Agreement is made this _____ day of _____ 20__ between Bank of America, N.A. and Anthony Rodriguez residing in Bank of America, N.A.'s property at 11539 Alexis Forest Dr in the city and state of Jacksonville, FL 32258 (Property).

Bank of America, N.A. will pay to Anthony Rodriguez (Borrower) a total of $3,000, representing the incentive payment, provided the Borrower has met the following Terms and Conditions of the Agreement.

Borrower agrees to vacate the Property no later than February 20, 2012 (Vacancy Date) and provide REDC Default Solutions at least 24 hours notice.

Immediately upon move out, Borrower(s) agrees to mail all the keys and controls, such as garage door openers, to REDC Default Solutions at the following address:

REDC Default Solutions
6200 Tennyson Pkwy, Suite 110
Plano, TX 75024-6100
REFERENCE Account No: XXXXX4146

You must leave the house in broom-clean condition, free of interior and exterior trash, debris or damage, and all personal belongings must be removed from the Property. Appliances and fixtures that are in the home at the time the Deed in Lieu of Foreclosure Agreement is signed must remain in the home through the transfer of title. The yard must be clean and neat, and you must deliver all the keys and controls, such as garage door openers, to us once the Deed in Lieu of Foreclosure is completed. If the property is deemed to be in unsatisfactory condition, the Deed in Lieu of Foreclosure offer could be rescinded or any funds paid to the borrower could be used to repair the property.

Borrower shall hold Bank of America, N.A., its representatives, servicers, agents, successors and assigns harmless from any and all liability, loss, cost or expense, including reasonable attorney's fees, arising out of and/or in connection with the Property.

During the term of this Agreement, Borrower shall bear full responsibility for all personal property kept at the Property and shall further bear all risk of any loss or damage caused to such personal property, regardless of cost.

On or before the Vacancy Date, Borrower shall have removed all personal property from the Property, and any items remaining after the Vacancy Date shall become the property of Bank of America, N.A.

Throughout the period Borrower occupies the Property, Borrower shall, at his/her own expense, maintain and care for the Property, keep the lawn and other plantings trimmed, keep the Property free of debris, and use the Property in accordance with all applicable governmental codes and regulations, and shall, at personal expense, pay for all utility service at the Property.

Borrower shall hold Bank of America, N.A., its representatives, servicers, agents, successors and assigns, Directors, Officers, employees and contractors harmless from any and all liability, loss, cost or expense, including reasonable attorney's fees arising out of and/or in connection with Borrower's use of the Property, and further, shall defend Bank of America, N.A. in any such action in which it is named a Defendant which relates to the Property.

**THIS AGREEMENT AFFECTS YOUR LEGAL RIGHTS. PLEASE READ THIS AGREEMENT CAREFULLY BEFORE YOU SIGN.**

**Borrower Acknowledgement of Risks, Conditions and Contingencies.** In signing and returning the Surrender of Possessions Agreement, I/we agree to all the stated terms and conditions.

XXXXX4146

_____        _____
Anthony Rodriguez Signature               Date

_____
Anthony Rodriguez Printed Name

# Move Out Agreement

Loan # XXXXX4146

This Move Out Agreement ("Agreement") is entered into as of February 20, 2012, by and between Bank of America, N.A. and all other occupants of the Property, as defined below, ("Occupant").

Bank of America, N.A. will acquire through an executed Deed in Lieu of Foreclosure all of that real property with improvements therein commonly described as 11539 Alexis Forest Dr in the City of Jacksonville, County of Duval ("Property").

Bank of America, N.A.  is entitled to initiate eviction proceedings against the Occupant to remove the Occupant from the Property, and such proceedings will commence one day after the agreed upon Move Out Date.

Bank of America, N.A.  and the Occupant have agreed that the Occupant will vacate the Property on the terms and conditions contained herein.

NOW, THEREFORE, the parties agree as follows:

1. **Move Out Date:**  The Occupant has agreed to vacate the Property on or before February 20, 2012 (the "Move Out Date").

2. **Condition of Property:**  During the time the Occupant continues to occupy the Property, the Occupant shall keep the Property in good and safe condition, reasonable wear and tear excepted. Bank of America, N.A. shall have no obligation to make any repairs to the Property. All fixtures, including but not limited to, built-in appliances, shall remain at the Property after the Occupant vacates the Property.  Upon move out, the Property shall be left broom clean by the Occupant.

3. **Access to Property:**  Occupant shall allow Bank of America, N.A. and any of its employees or agents access to the Property to determine the value of the Property.   The Occupant shall not unreasonably deny Bank of America, N.A. and any of its employees or agents access to the Property.

4. **Representations and Warranties:**  The Occupant represents and warrants that they are the only person(s) occupying the property.

5. **Costs and Expenses:**  If either party to this Agreement commences an action or proceeding to enforce its rights under this Agreement or construe any provision of this Agreement, the non-prevailing party in such action or proceeding shall pay all costs and expenses incurred by the prevailing party (who shall be the party who obtains substantially the relief sought by such party, whether by settlement, compromise or judgment), including, without limitation, all court costs and all reasonable attorneys' fees.

6. **Eviction Proceedings:** Notwithstanding any of the foregoing Bank of America, N.A. may, at its discretion, initiate, continue, postpone, maintain or hold in abatement, any eviction proceeding against the Occupant to remove the Occupant and his or her personal property from the Property. However, the Occupant will not be locked out or removed from the Property prior to the earlier of (i) Move Out Date; or (ii) a breach of this Agreement by the Occupant. Activity performed in connection with a lawful eviction proceeding, including, but not limited to, service of process or attendance at any eviction proceeding, is not a breach of this Agreement.

7. **Personal Property:** The Occupant hereby acknowledges and agrees that as of the Move Out Date, a) the Occupant relinquishes any and all rights, title, and interests in any personal property remaining at the Property, b) such personal property is not wanted by the Occupant and shall be considered abandoned, and c Bank of America, N.A. may in its complete and sole discretion keep, remove or dispose of such personal property.

8. **Voluntary Agreement; No Other Inducements:** The Occupant agrees that the Occupant has: a) freely and voluntarily signed and agreed to this Agreement; b) not been given and not relied on any inducements or promises other than those contained herein; c) had the opportunity to confer with independent counsel before signing this Agreement; d) read, knows and completely understands the terms of this Agreement; and e) full competence under the Laws to sign and agree to the terms of this Agreement.

9. **Entire Agreement; Governing Law:** This Agreement contains the entire agreement of the parties hereto with regard to the subject matter herein. This Agreement shall be interpreted, enforced and governed by the Laws where the Property is located.

10. **Amendments; Waivers:** This Agreement may only be modified by a written instrument signed by the Occupant and an officer of Bank of America, N.A. The granting of a waiver by Bank of America, N.A. of any breach of this Agreement shall not operate or be construed as a waiver of any other or subsequent breach. Any delay on the part of Bank of America, N.A. in exercising any right or remedy under this Agreement shall not operate as a waiver of any such right or remedy. No course of dealing between the parties shall operate as a waiver of any provision of this Agreement.

11. **Counterparts; and Facsimile Signatures:** This Agreement may be executed in counterparts, and by facsimile signature. A signed facsimile or photocopy of this Agreement shall be treated as an original and shall be deemed to be as binding, valid, genuine and authentic as an originally signed agreement for all purposes, including all matters of evidence and the "best evidence" rule.

12. **Survival:** Wherever possible, each provision of this Agreement shall be interpreted in such a manner as to be valid under applicable Laws, but if any provision of this Agreement shall be held to be invalid or prohibited by applicable Laws, such provision shall be ineffective to the extent of such prohibition without invalidating the remainder of such provision or the remaining provisions of this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

OCCUPANT:                                    BANK OF AMERICA, N.A.:

_____            _____
PRINT Name of Anthony Rodriguez              PRINT Name

_____            _____
SIGNATURE of Anthony Rodriguez               SIGNATURE

                                             _____
                                             Title

                              Occupant Initials_____, _____

# Personal Property Release

I, Anthony Rodriguez, am the former Occupant at real property commonly described as 11539 Alexis Forest Dr in the City of Jacksonville, County of Duval ("Property")

I hereby relinquish any and all interest in the personal belongings left at this property and understand that said personal belongings are now considered abandoned.  I am aware that any personal property left after midnight on February 20, 2012 will be disposed of at Bank of America, N.A.'s discretion.

Signed January 30, 2012:


_____

PRINT Name of Anthony Rodriguez


_____

SIGNATURE of Anthony Rodriguez

## Hardship Affidavit Form

### Borrower Information

Borrower Name (first, middle, last): _____

Date of Birth: _____

Co-Borrower Name (first, middle, last): _____

Date of Birth: _____

### Property/Loan Information

Property Street Address: _____

Property City, ST, Zip: _____

Servicer: _____

Loan Number: _____

In order to be evaluated for a foreclosure prevention alternative ("Foreclosure Prevention Alternative") offered by _____ ("Servicer"), I am submitting this form to the Servicer and indicating by my checkmarks the one or more events that contribute to my difficulty making payments on my mortgage loan.

I am having difficulty making my monthly payment because of financial difficulties created by: (check all that apply)

☐ My household income has been reduced. For example: unemployment, underemployment, reduced pay or hours, decline in business earnings, death, disability or divorce of a borrower or co-borrower.

☐ My monthly debt payments are excessive, and I am overextended with my creditors. Debt includes credit cards, home equity or other debt.

☐ My expenses have increased. For example: monthly mortgage payment reset, high medical or health care costs, uninsured losses, increased utilities or property taxes.

☐ My cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time.

☐ Other: _____
_____
_____
_____
_____
_____

Fannie Mae Form 194 - February 2011

## Hardship Affidavit Form

**Borrower/Co-Borrower Acknowledgement and Agreement**

1. I certify that all of the information in this Hardship Affidavit is truthful and the event(s) identified above has/have contributed to my need for a Foreclosure Prevention Alternative relating to my mortgage loan.

2. I understand and acknowledge the Servicer may investigate the accuracy of my statements, may require me to provide supporting documentation, and that knowingly submitting false information may violate Federal law.

3. I understand the Servicer may pull a current credit report on all borrowers obligated on the note relating to my mortgage loan.

4. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this Hardship Affidavit, or if I do not provide all of the required documentation, the Servicer may cancel a Foreclosure Prevention Alternative and may pursue foreclosure on my home.

5. I certify that I have not received a condemnation notice on my property.

6. I certify that I am willing to provide all requested documents and to respond to all Servicer communication in a timely manner. I understand that time is of the essence.

7. I understand that the Servicer may use this information to evaluate my eligibility for a Foreclosure Prevention Alternative, but the Servicer is not obligated to offer me assistance based solely on the representations in this Hardship Affidavit.

8. I understand that the Servicer may collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of any Foreclosure Prevention Alternative offered by the Servicer to any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s).

_____        _____
Borrower Signature          Date              Co-Borrower Signature          Date

Doc # 2012084250, OR BK 15915 Page 2340, Number Pages: 2, Recorded 04/18/2012 at 10:48 AM, JIM FULLER CLERK CIRCUIT COURT DUVAL COUNTY RECORDING $18.50 DEED DOC ST $1525.30

*Composite Exhibit B*

Document Prepared By:
Cullen Lambert
First International Title, Inc.
2034 S. Sample Road
Lighthouse Point, FL 33064
Phone 954-861-5700
Fax 954-861-5701

Property Address: 11539 Alexis Forest Drive
Jacksonville, FL

Folio Number: 156459-4015

## WARRANTY DEED IN LIEU OF FORECLOSURE

THIS INDENTURE, made this __3__ day of February, 2012, between Anthony M. Rodriguez, a single man, hereinafter called the Grantor, whose address is: 11539 Alexis Forest Drive, Jacksonville, Fl. 32258, and **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, hereinafter called the Grantee, whose address is: 14221 DALLAS PARKWAY, SUITE 1000, DALLAS, TX 75254 (Wherever used herein the terms "Grantor and Grantee" include the parties to this instrument and their heirs, legal representatives and assignees of individuals, and assigns of corporations)

### WITNESSETH:

That the Grantors, for and in consideration of the sum of Ten Dollars ($10.00) to it paid in hand, the receipt whereof is whereby acknowledged, and in further consideration for this Warranty Deed is the full cancellation of the Grantors' indebtedness to Grantee as represented by that certain promissory note, the Grantee hereby waives, and discharges its right to sue Grantors for any monies or deficiency under the Note (as set forth herein below) or any other document executed by Grantors in connection therewith,

2010, and recorded December 15, 2010, in official records Book 15457, Page 418. Said mortgage was assigned to Bank of America, NA by document dated August 8, 2011 and recorded in Official Records book 15681 at Page 1204 all of the Public Records of Duval, Florida (the "Mortgage"), securing payment of that certain Promissory Note dated on or about even date with the Mortgage, executed by Grantors in favor of Grantee in the original principal sum of $ 219,000.00, (the "Note"), has granted, bargained, sold and transferred unto the Grantee and its heirs and assigns forever, all that certain parcel of land lying and being in the County of Duval, and State of Florida, as more particularly described as follows:

Lot 3, SWEETWATER CREEK UNIT FOUR, according to the Plat thereof, recorded in Plat Book 49, Page(s) 14 of the Public Records of Duval County, Florida.

A/K/A: 11539 Alexis Forest Drive, Jacksonville, FL 32258

In consideration of the execution and delivery of this Deed by Grantors, Grantee hereby covenants that it is releasing the promissory note and shall not sue Grantors for any deficiency under the Note or the Mortgage.

This Deed, and the conveyance being made hereby, is being executed, delivered and accepted in lieu of foreclosure of the lien of the Mortgage, and shall be interpreted and construed the same as a foreclosure of the lien of the Mortgage and as an absolute conveyance to Grantee of all of the right, title, interest and estate of Grantors in and to the Property, including specifically, but without limitation, any equity or rights of redemption of Grantors in and to the Property, or any portion thereof or interest therein.

Grantors further acknowledge and agree that the conveyance of the Property pursuant to this Deed is an absolute conveyance of all of Grantors' right, title, interest and estate in and to the Property and is not intended to constitute a deed of trust, mortgage, trust conveyance or other security agreement of any nature whatsoever.

Grantors and Grantee specifically intend that there shall not be any merger of the lien of the Mortgage or any other liens in favor of Grantee with the fee simple title or any other interest of Grantee

OR BK 15915 PAGE 2341

in and to the Property under any circumstances connected with this conveyance. Grantors and Grantee expressly provide that the interest of Grantee in and to the lien of the Mortgage and the title or other interest of the Grantee in and to the Property shall at all times remain separate and distinct. No merger of title shall be deemed to have been effected or created hereby.

Any and all rights of Grantee to exercise its remedy of foreclosure of the lien of the Mortgage, together with any other remedies available to Grantee, are expressly preserved hereby, but not for the purposes of any personal deficiency liability of Grantors.

The priority of the lien of the Mortgage is intended to be, and shall remain in full force and effect, and nothing herein or in any instruments executed in connection herewith shall be construed to subordinate the priority of the lien of the Mortgage to any other liens or encumbrances whatsoever.

TOGETHER, with all tenements, hereditaments and appurtenances, with every privilege, right, title interest, and estate, dower and right of dower, reversion, remainder and easement thereto belonging or in anywise appertaining; TO HAVE AND TO HOLD the same in fee simple forever.

And the Grantors covenant with the Grantee that they are lawfully seized of the same premises, that they are free from all encumbrances except as set forth herein, and that they have good right and lawful authority to sell the same; and that the Grantors hereby fully warrant the title to the said land, and will defend the same against the lawful claims of all persons whomsoever.

IN WITNESS WHEREOF the Grantor has hereunto set Grantor's hand and seal the day and year first above written.

Wherever the text in this Deed so requires, the use of any gender shall be deemed to include all genders, and the use of the singular shall include the plural.

Signed, sealed and delivered in our presence:


_____          _____
Anthony M. Rodriguez                      WITNESS:

WITNESS:
Clint Miller                              Maria Gabriel
_____          _____
(Printed Signature)                       (Printed Signature)

STATE OF ___FL___
COUNTY OF ___Duval___

The foregoing instrument was acknowledged before me this __3rd__ day of February, 2012, by Anthony M. Rodriguez, who is personally known to me or who presented ___FLDL___ as identification.

My Commission Expires:                    _____
(SEAL)                                    NOTARY        PUBLIC
June 3, 2013

OJAB AMAN
Notary Public, State of Florida
Commission DD000876
My comm. expires June 3, 2013